# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: APRIL 19, 2007
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2005-SC-000833-MR

DATE 5-10-07 _[signature]_ D.C.

JACK LEROY COOK III                                APPELLANT

V.                 APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JAMES D. ISHMAEL, JR., JUDGE
INDICTMENT NO. 05-CR-00035

COMMONWEALTH OF KENTUCKY               APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Jack Leroy Cook III, was convicted by a Fayette Circuit jury of murder and assault in the first degree. He was sentenced to thirty-six and twenty years' imprisonment, respectively, to be run consecutively. He now appeals to this Court as a matter of right, Ky. Const. § 110(2)(b), asserting two errors. For the reasons set forth herein, we affirm.

Appellant was convicted of the murder of his father and the assault of his mother. According to Mrs. Cook's testimony, Appellant arrived at the Cook home unannounced and agitated about his living arrangements at the time. He had been attempting to secure a rental home in Georgetown, which did not come to fruition. Apparently, Appellant visited his parents' home to discuss the situation with his father. When he learned that his father was not home, he left and returned about an hour later. Following a brief conversation with Mr. Cook, Appellant departed for a second time.

About a half hour later, he reappeared for the third time, again to discuss his future living arrangements. By this point, Appellant was extremely upset, frustrated, and behaving irrationally. He shifted his anger towards his parents, whom he believed were failing him by refusing to deed him a plot of land actually owned by Mrs. Cook's mother. Though the Cooks repeatedly explained to Appellant that they did not own the land and therefore could not transfer it to him, he would accept no explanation. According to Mrs. Cook, this type of illogical thought and suspicious blaming was typical of Appellant. At any rate, Appellant became enraged as he discussed the situation in the kitchen. Though the Cooks were trying to appease Appellant – even phoning Mrs. Cook's mother to secure the plot of land – Appellant removed a pistol from his pocket and shot his mother and father.

Appellant left the home and drove to a fire department, where he revealed what had occurred. The police arrived at the Cook home shortly thereafter, and transported both victims to the hospital. Mr. Cook, who sustained four gunshot wounds, was pronounced dead on arrival. Mrs. Cook, whose life was spared because her husband leapt in front of her, suffered two shots in her right shoulder that required multiple surgeries.

Appellant was thereafter indicted, tried, and found guilty of murder and assault in the first degree. He now appeals to this Court as a matter of right, raising two issues for review, both of which concern the penalty phase of his trial. First, Appellant argues that the trial court abused its discretion in sentencing him contrary to the jury's recommendation. Appellant also argues that the Commonwealth's penalty phase

closing argument contained an impermissible appeal to the community warranting a mistrial. Finding no error, we affirm.

Appellant asserts three errors with respect to his sentence: (1) that the victim impact statements contained testimonial hearsay in violation of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); (2) that he was given insufficient notice that the victim impact statements would be considered; and (3) that the trial court abused its discretion by failing to adopt the recommendation of the jury. Appellant concedes that these issues are unpreserved for appellate review, and requests relief pursuant to Rules of Criminal Procedure (RCr) 10.26. Upon review of the matter, we find no error.

We need not directly address Appellant's assertion that the victim impact statements contained testimonial hearsay in violation of Crawford. While it is clear from the record that the trial court considered victim impact statements as required by law, Kentucky Revised Statute (KRS) 421.520(3), it is equally clear that these statements did not affect his decision to reject the jury's recommendation of concurrent sentences. Before sentencing Appellant, the trial court specifically stated, "I have made my decision independent of the victim impact statements or even from [the Commonwealth's] plea in this matter." The court reiterated this sentiment at least three times during the proceeding. Accordingly, there can be no palpable error resulting from these victim impact statements where it is clear that they were not a significant part of the trial court's consideration. RCr 10.26.

With respect to Appellant's claim that he was given insufficient notice of the victim impact statements, we likewise find nothing to indicate that Appellant's

substantial rights were affected by this supposed delay. Though the Commonwealth furnished these statements only two days prior to sentencing, defense counsel made no objection and did not request a continuance. Appellant cannot now claim that he was prejudiced when he failed to inform the trial court of the supposed error or to request relief. West v. Commonwealth, 780 S.W.2d 600, 602 (Ky. 1989). Furthermore, there is no indication that Appellant's substantial rights were affected by this alleged error. RCr 10.26.

Finally, turning to Appellant's assertion that the trial court abused its discretion in rejecting the jury's recommended sentence, we remind Appellant that the trial court is under no duty to accept the recommendation of the jury as to whether the given sentences should be run consecutively or concurrently. KRS 532.110; KRS 532.055(2). See also Dotson v. Commonwealth, 740 S.W.2d 930 (Ky. 1987). So long as the sentence falls within the range allowable by statute, the trial court enjoys significant discretion in determining whether to run sentences concurrently or consecutively.

Here, there is no indication that the trial court abused its discretion in running Appellant's sentences consecutively. The court explained its belief that, if the sentences remained concurrent, it would be as if Appellant did not receive an independent sentence for the very serious assault of Mrs. Cook. The court also stated that it was particularly persuaded by the incredibly brutal, callous, and senseless nature of the crime. A trial court abuses its discretion when its decision is arbitrary, unreasonable, unfair or unsupported by sound legal principles. Commonwealth v. English, 993 S.W.2d 941, 945 (Ky. 1999). Here, it is evident that the trial court rendered

-4-

its decision following a thoughtful consideration of the circumstances. There was no abuse of discretion and, therefore, no manifest injustice occurred. RCr 10.26.

Appellant next argues that the Commonwealth's Attorney made an impermissible plea to the community during its penalty phase closing argument. The issue is preserved by defense counsel's request for a mistrial. Upon review of the record, we find no error.

In the penalty phase closing argument, defense counsel urged the jury to consider Appellant's childhood in its deliberations. According to defense counsel, the Cooks had expected perfection from Appellant and failed to give him sufficient love and respect. Defense counsel then drew a distinction between Appellant and other violent criminals on the basis of his victims: that is, Appellant's crime was a "family thing" as opposed to the killing of an innocent stranger. In response, the Commonwealth reminded the jury of the cold-blooded nature of Appellant's actions and asked the jury to "think in terms of your responsibility in this case as a representative of the community." Appellant requested a mistrial based on these statements, which the trial court denied.

Having reviewed the entirety of the closing arguments, we find no error. It is well settled that both counsel are afforded considerable leeway in making closing arguments. Wheeler v. Commonwealth, 121 S.W.3d 173, 180 (Ky. 2003). Here, the Commonwealth's comments during its closing were in direct response to the content of defense counsel's arguments. Moreover, the Commonwealth's statements regarding the jurors' duty in no way approach the type of general plea to the community prohibited in Ice v. Commonwealth, 667 S.W.2d 671, 676 (Ky. 1984) (prohibiting use of "send a message" arguments wherein jury is asked to make an example of defendant in order to

-5-

send a message to others similarly situated).  See also Brewer v. Commonwealth, 206 S.W.3d 343, 350 (Ky. 2006).  The Commonwealth's closing argument was entirely within legitimate parameters and, therefore, the trial court properly denied Appellant's motion for a mistrial.

For the foregoing reasons, the judgment of the Fayette Circuit Court is affirmed.

All concur.

COUNSEL FOR APPELLANT:

Randall L. Wheeler
Assistant Public Advocate
Department of Public Advocacy
Suite 302, 100 Fair Oaks Lane
Frankfort, KY  40601

COUNSEL FOR APPELLEE:

Gregory D. Stumbo
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Office of Criminal Appeals
1024 Capital Center Drive
Frankfort, KY  40601